IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HEATHER HANEY                                                                    PLAINTIFF

V.                                            NO. 5:19-CV-05108-PKH

HAIN CELESTIAL GROUP, INC.                                                       DEFENDANT

**COMPLAINT**

Plaintiff states for her Complaint:

**I.      Nature of Action.**

1. This action is brought for legal and equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, being 42 U.S.C. 2000e, *et seq.*, and pursuant to the Arkansas Civil Rights Act, being Ark. Code Ann.16-123-101 (Supp. 2015), *et seq.*, for sex discrimination in employment.

**II.     Parties, Jurisdiction, and Venue.**

2. Plaintiff is a resident of Washington County, Arkansas.

3. Defendant is an foreign corporation which has a place of business located in Benton County, Arkansas. Defendant employed more than 500 people at all times relevant to this action.

4. All events related in this Complaint occurred in Benton County, Arkansas.

5. This Court has jurisdiction over the parties to and the issues of this action.

6. Venue for this action is properly laid in this Court.

**III.    General Allegations.**

7. Plaintiff is a female.

8. Defendant employed Plaintiff for more than five years in its office located in Bentonville, Arkansas. Plaintiff's last position was as Director of Customer Team Logistics (Walmart/Sam's).

9. Plaintiff's work met Defendant's legitimate expectations.

10. Beginning approximately June 2017, the Defendant's Chief Customer Officer and Defendant's Vice President of the Walmart Team, both males, begin to harass, intimidate, and bully Plaintiff almost daily finding fault with almost every aspect of Plaintiff's job performance.

11. Plaintiff observed no similarly situated male employee being treated as she was being treated.

12. Plaintiff was not promoted into a position for which she was qualified. The position was given to a male who was less qualified for the position than was Plaintiff.

13. Plaintiff was then given the option of either taking a demotion or losing her job. There were other positions open within Defendant for which Plaintiff was qualified but she was not considered for these positions.

14. Plaintiff learned that the Vice President was surreptitiously advertising and interviewing candidates for her position. Plaintiff was expected to train a newly hire male employee who assumed the functions of Plaintiff's former job.

15. Plaintiff experienced such stress and anxiety from their behavior toward her that she had to take several days off from work.

16. Acting upon her medical doctor's advice, Plaintiff quit her employment with Defendant on 21 June 2018.

## IV. Sex Discrimination in Employment.

17. Plaintiff's gender was a motivating factor in Defendant's actions toward Plaintiff which resulted in her constructive discharge.

18. Plaintiff has been damaged by Defendant's discriminatory actions. Plaintiff has lost the wages and benefits of her former employment. Plaintiff has sustained emotional distress and mental anguish because of the termination of her employment.

19. Defendant knowingly and wilfully discriminated against Plaintiff in disregard of her right to employment without regard to her gender.

## V. Exhaustion of Administrative Remedies.

20. Plaintiff filed a Charge of Discrimination on her claims of sex discrimination and retaliation with the United States Equal Employment Opportunity Commission on or about 18 October 2018.

21. Plaintiff received a Dismissal and Notice of Rights from the United States Equal Employment Opportunity Commission dated 22 March 2019. A copy of this Dismissal and Notice of Rights is attached to and incorporated into this Amended Complaint as Exhibit A.

## VI. Relief Requested.

22. Plaintiff asks this Court to award her Judgment against Defendant for:

    A. Back pay on her claims for violations of Title VII of the 1964 Civil Rights Act, as amended, and the Arkansas Civil Rights Act.

    B. Damages for emotional distress on her claims for violation of Title VII of the 1964 Civil Rights Act, as amended, and the Arkansas Civil Rights Act.

    C. Punitive damages on her claims for violation of Title VII of the 1964 Civil

Rights Act, as amended, and the Arkansas Civil Rights Act.

      D. Reinstatement into her former position or into a comparable position or front pay in lieu of reinstatement.

      E. Interest.

      F. Attorneys fees and court costs.

      G. All other relief to which Plaintiff proves herself entitled.

23. Plaintiff demands a trial by jury on all issues so triable.

                      HEATHER HANEY,
                      PLAINTIFF

                      By: _____

                      Stephen Lee Wood (81170)
                      Stephen Lee Wood, P.A.
                      110 South 2d Street
                      Rogers, AR 72756
                      479-631-0808

Haney -- Complaint/slw3/2029

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Heather Haney<br>11341 Illinois Chapel Road<br>Prairie Grove, AR 72753 | From: Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2019-00118 | Virginia C. Pollard,<br>Enforcement Supervisor | (501) 324-6016 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

MAR 2 2 2019
*(Date Mailed)*

Enclosures(s)

cc:
Michael Broz
Assoc. General Counsel
HAIN CELESTIAL GROUP
1111 Marcus Ave.
Lake Success, NY 11042

John Norris
Jackson Lewis
999 Shady Grove Rd
Suite 1110
Memphis TN 38120

Stephen L. Wood
STEPHEN LEE WOOD, P.A.
110 South Second Street
Rogers, AR 72756



EXHIBIT A